## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO. 12-22367-CIV-KING

WILLIAM PERERA,

      Plaintiff,

v.

H&R BLOCK EASTERN ENTERPRISES, INC.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS AND COMPELLING ABRITRATION

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss or, in the Alternative, to Stay and to Compel Arbitration (DE #9), filed August 22, 2012. Therein, Defendant argues that, pursuant to an employment agreement, Plaintiff is obligated to submit to arbitration all claims arising from the relationship between the two parties.[1] The Court, being fully briefed on the matter,[2] finds that Defendant's Motion should be granted. Accordingly, the case will be dismissed and Plaintiff shall submit his claims to arbitration in accordance with the employment agreement's arbitration clause.

### I. BACKGROUND

On June 26, 2012, Plaintiff, a tax preparer for Defendant, filed a one-count Complaint seeking to recover damages for uncompensated overtime wages. (DE #1, ¶ 1).

---

[1] Though not mentioned in Plaintiff's Complaint, Defendant attached the employment agreement to its Motion as Exhibit A.

[2] Plaintiff filed a Response (DE #10) on August 28, 2012. Defendant filed a Reply (DE #11) on September 7, 2012.

Specifically, Plaintiff alleged that he worked on average 60 hours per week without being compensated at not less than time and a half for all hours exceeding 40, as required by the Fair Labor Standards Act ("FLSA"). (*Id.* at ¶ 8); *see also* 29 U.S.C. § 207(a)(1). Unlike many FLSA actions, Plaintiff did not sue on behalf of himself and similarly situated individuals. Plaintiff seeks only his own unpaid compensation, from the moment he was hired in 1990 as a tax preparer to present "and/or from 3 (three) years back from the date of the filing of this complaint plus additional time for weeks the statute of limitations was tolled by a prior opt-in notice filed in another matter." (*Id.* at ¶ 9).

This Court had earlier decided, in the related cases of *Greene et al. v. H&R Block Eastern Enterprises*, No. 10-21663-CIV-KING (S.D. Fla. Filed May 21, 2010), and *Illano v. H&R Block Eastern Enterprises*, No. 09-22531-CIV-KING (S.D. Fla. Filed Aug. 27, 2009), that H&R Block tax associates could not litigate either as a class action or national collective action. The *Illano* case, however, was permitted to proceed as a collective action on behalf of similarly situated tax preparers in Miami-Dade County, Florida. *Greene* was dismissed with prejudice on July 26, 2010 because it was duplicative of the *Illano* litigation. (No. 10-21663-CIV-KING, DE #38).   A final settlement was approved in *Illano* on September 28, 2011. (No. 09-22531-CIV-KING, DE #217).

Shortly after settling *Illano*, H&R Block provided Plaintiff with a new employment agreement; it contained an arbitration clause. *See* (Exhibit A, DE #9-1) Plaintiff signed the agreement on November 5, 2011. The Complaint does not mention

the employment agreement or arbitration clause. But on August 22, 2012,[3] Defendant attached the employment agreement as Exhibit A to its Motion to Dismiss or, in the Alternative, to Stay and to Compel Arbitration. Plaintiff's Response admits the validity of the arbitration clause but disputes its scope. *See* (DE #10). Whether the arbitration clause applies to Plaintiff's claims is the determinative issue in evaluating Defendant's Motion.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs the validity of an arbitration agreement. The FAA evinces "the strong federal policy in favor of enforcing arbitration agreements." *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). Accordingly, "covered arbitration agreements are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Community State Bank v. Strong*, 651 F.3d 1241, 1250 n. 7 (11th Cir. 2011) (quoting 9 U.S.C. § 2).

Before a court may require parties to arbitrate, the movant must establish that there is a valid arbitration agreement and that the disputed claims are subject to arbitration. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S. Ct. 3346 (1985); *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008). In making a determination as to the first factor, the written arbitration agreement must be "enforceable 'under ordinary state-law' contract principles." *Lambert*, 544 F.3d at 1195. When these

---

[3] Defendant had timely filed an unopposed motion for extension of time to respond to the Complaint, which the Court granted.

factors are satisfied, the court is required to "either stay or dismiss a lawsuit and to compel arbitration." *Id.*

As a matter of contract, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648, 106 S. Ct. 1415 (1986) (internal quotation marks omitted). A party seeking to avoid arbitration must either prove waiver of the right to arbitration, *Ivax Corp. v. B. Braun of America, Inc.*, 286 F.3d 1309, 1315–16 (11th Cir. 2002), or must unequivocally deny that the agreement to arbitrate was made and offer evidence to substantiate the denial. *Wheat, First Sec., Inc. v. Green,* 993 F.2d 814, 817 (11th Cir. 1993).

### III. DISCUSSION

In reviewing the instant Motion, the Court's discussion turns first to the existence of an enforceable arbitration agreement between Plaintiff and Defendant. The Court then evaluates the arbitrability of each of Plaintiff's claims. Finally, the Court analyzes the propriety of compelling arbitration and dismissing the case, rather than staying litigation pending the outcome of arbitration.

### A. *Plaintiff's Employment Agreement had an Enforceable Arbitration Clause*

Under ordinary contract law, an arbitration agreement is enforceable if it meets the applicable state's requirements of a validly formed contract—e.g. offer, acceptance, consideration—and the terms are not unconscionable. *See Mitsubishi Motors*, 473 U.S. at 627; *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005). The parties do not dispute the existence of an enforceable arbitration clause included in the

employment agreement that Plaintiff signed in November 2011. Moreover, Plaintiff does not argue that the employment agreement, which contained a provision enabling Plaintiff to opt-out of the arbitration clause within 30 days of signing the agreement and without effecting the other terms of the agreement, was unconscionable. Plaintiff merely disputes the scope of the arbitration clause. Accordingly, the Court proceeds to determining which of Plaintiff's claims are subject to arbitration.

### B. *Each of Plaintiff's Claims Are Subject to Arbitration*

As a matter of contract law, the scope of an arbitration agreement depends on the intent of the parties. *Seaboard Coast Line R.R. v. Trailer Train Co.*, 690 F.2d 1343, 1352 (11th Cir. 1982); *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). "[W]here, as here, parties concede that they have agreed to arbitrate *some* matters pursuant to an arbitration clause, the law's permissive policies in respect to arbitration counsel that any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2847, 2857 (2010) (internal quotation marks and citations omitted); *see also World Rentals and Sales, LLC v. Volvo Constr. Equip. Rentals, Inc.*, 517 F.3d 1240, 1245 (11th Cir. 2008). The presumption of arbitrability is particularly applicable where the arbitration clause is broad. *AT & T,* 475 U.S. at 650. "[O]nly the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* The Eleventh Circuit has held that such evidence will be found only if the parties "clearly express their intent to exclude categories of claims from their arbitration agreement." *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1057 (11th Cir. 1998).

In the instant action, the plain language of the arbitration clause is unambiguously broad:

> Covered Claims include any and all claims or disputes between Associate and the Company, or the Company's parents, subsidiaries, affiliates, predecessors, and successor corporations and business entities, and its and their officers, directors, employees, and agents, including but not limited to claims and disputes arising out of or in any way relating to Associate's hiring or recruitment, this Agreement, Associate's employment, compensation, benefits, and terms and conditions of employment with the Company, or the termination thereof, including but not limited to contract, tort, defamation and other common law claims, wage and hour claims, statutory discrimination, harassment, and retaliation claims, and claims arising under or relating to any federal, state or local constitution, statute or regulation, including, without limitation, the Fair Labor Standards Act …

(Exhibit A, ¶ 19(b), DE #9-1, pp. 4–5). None of the Excluded Claims found in subparagraph (c) are implicated by Plaintiff's briefings or pleadings.[4]

As noted, Plaintiff does not dispute the enforceability of the arbitration clause nor that FLSA claims for unpaid wages fall within the scope of Covered Claims. At issue is which of Plaintiff's FLSA claims must be submitted to arbitration.

Plaintiff's Complaint seeks unpaid overtime wages accrued since June 26, 2009, some 28 months before Plaintiff signed the Agreement. Plaintiff, in his Response, argues that the arbitration clause cannot apply to claims that accrued before he signed the agreement to arbitrate and, therefore, only the seven and a half months that Plaintiff worked between signing the Agreement and filing the above-styled action can be compelled to arbitration.

---

[4] The claims expressly excluded from arbitration are: applications for injunctive relief; claims arising under the Employment Retirement Income Security Act of 1974; claims for workers' compensation or unemployment benefits; claims within the jurisdiction of the National Labor Relations Board; and claims expressly precluded from arbitration by federal statute or regulation. Exhibit A, ¶ 19(c), DE #9-1, p. 5).

The Court disagrees. The language of the Agreement is unambiguously expansive. Plaintiff agreed to arbitrate "any and all claims or disputes" between Plaintiff and Defendant that in any way relate to his hiring, employment, or termination. The clause contains no temporal limitation. In fact, the clause's language is exceptionally broad and unmistakably covers claims or disputes that accrued before Plaintiff signed the Agreement.[5] Accordingly, the Court finds that it must compel arbitration on all of Plaintiff's claims.

### C. *Considering Matters Outside the Complaint Upon a Motion to Dismiss*

Because all of Plaintiff's claims are subject to arbitration, the Court's analysis proceeds to whether the instant action should be stayed or dismissed. However, before considering Defendant's Motion to Dismiss, the Court must determine whether the employment agreement and arbitration clause, which were not referenced in the Complaint, may be considered upon a Motion to Dismiss. The Court notes that Defendant's Motion does not indicate under which Federal Rule of Civil Procedure 12(b) provision Defendant seeks dismissal. *See* Fed. R. Civ. P. 12(b). That is significant because different Rule 12(b) vehicles for dismissal have different standards regarding when matters outside the pleadings may be considered without converting a motion to dismiss into a motion for summary judgment.

If the motion was brought under Rule 12(b)(1) for lack of subject matter jurisdiction, then the Court may consider factual matters outside the pleadings, such as

---

[5] As such, the Court need not address the cases cited by Plaintiff because they assume that the contract lacked express language about the broad scope of the arbitration provision. *See* (DE #10, pp. 3–4).

the employment agreement. *See Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) ("[W]here a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits."). If the Motion was brought under Rule 12(b)(6) for failure to state a claim, then the Court may consider the employment agreement because it is central to Plaintiff's claims for unpaid compensation and its authenticity is not disputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762-63 (2d ed. 1990) ("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading."). Holding otherwise would enable Plaintiff to "evade dismissal . . . simply by failing to attach to his complaint a document that proved his claim has no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Thus, in the instant case the Court may consider the employment agreement regardless of the applicable procedural vehicle for a motion to dismiss involving an arbitration clause.

   **D. *Dismiss or Stay?***

   In evaluating whether to dismiss the case, the Court looks to the language of the FAA. Section 3 states that a district court "shall" stay proceedings pending arbitration upon motion of one of the parties. 9 U.S.C. §3. However, several circuits have said that this mandatory language does not apply when all claims are arbitrable. *See, e.g., Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) (dicta); *Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 156 n. 21 (1st Cir. 1998);

*Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). The Eleventh Circuit, at one point, suggested only a stay of litigation is appropriate. *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698 (11th Cir. 1992). However, more recently, the Circuit affirmed dismissal when all claims were subject to arbitration. *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367 (N.D. Ga. 2004) (compelling arbitration and dismissing the case), *aff'd* 428 F.3d 1359 (11th Cir. 2005).

Courts within this District have chosen either course. *See Bhim v. Rent-A-Center, Inc.*, 655 F. Supp. 2d 1307 (S.D. Fla. 2009). This Court agrees with the line of opinions that have compelled arbitration and dismissed the case where all claims were subject to arbitration. *See, e.g.*, *Kivisto v. Nat'l Football League Players Assoc.*, No. 10-24226-CIV, 2011 WL 335420 (S.D. Fla. Jan. 31, 2011); *Olsher Metals Corp. v. Olsher*, No. 01-3212-CIV, 2003 WL 25600635 (S.D. Fla. March 26, 2003). "A case in which arbitration has been compelled may be dismissed in the proper circumstances, such as when *all* the issues raised in . . . court must be submitted to arbitration." *Olsher*, 2003 WL 25600635 at *9 (internal quotation marks omitted). "The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Caley*, 333 F. Supp. 2d at 1379 (quoting *Alford*, 975 F.2d at 1164).

Because all of Plaintiff's claims are subject to arbitration and because "any judicial review of the arbitration decision concerning these claims will be limited by the provisions of the FAA," the Court exercises its discretion to dismiss the case with prejudice. *Olsher*, 2003 WL 25600635 at *9 (citing *Alford*, 975 F.2d at 1164).

## IV. CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion to Dismiss or, in the Alternative, to Stay and to Compel Arbitration (**DE #9**) be, and is hereby, **GRANTED**. Plaintiff is **COMPELLED** to submit his claims to arbitration and the case is **DISMISSED with prejudice**. The Clerk is directed to **CLOSE this case**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 9th day of November, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc:**

***Counsel for Plaintiff***

**Anthony Maximillien Georges-Pierre**
Remer & Georges-Pierre, PLLC
Court House Tower
44 West Flagler Street
Suite 2200
Miami, FL 33130
305-416-5000
Fax: 305-416-5005
Email: agp@rgpattorneys.com

***Counsel for Defendant***

**Dennis Michael McClelland**
Phelps Dunbar
100 S Ashley Drive

Suite 1900
Tampa, FL 33602-5311
813-472-7865
Fax: 472-7570
Email: dennis.mcclelland@phelps.com

**Erin L Malone**
Phelps Dunbar LLP
100 S. Ashley Dr., Suite 1900
Tampa, FL 33602
(813) 472-7891
Email: erin.malone@phelps.com